## Beckner v. Bloom

*Leo M. Kiscaden*, for defendant.
*David E. Blakley*, for additional defendant.

REILLY, P.J., June 30, 1980—Plaintiffs above-named commenced this action in trespass against defendant George Bloom who thereafter joined additional defendant, Clearfield County Tax Claim Bureau. The facts alleged in the complaint indicate that the original defendant, George Bloom, purchased at tax sale certain premises located in Sandy Township previously assessed to plaintiffs. Plaintiffs filed exceptions to the tax sale and after hearing, this court sustained their exceptions and set aside the tax sale. This action is to recover damages for alleged acts performed by defendant, George Bloom, on the property immediately after the tax sale and prior to the exceptions thereto being sustained.

Defendant Bloom brought the Clearfield County Tax Claim Bureau on the record as an additional defendant, and in his complaint alleged that said bureau breached its duty in regard to sustaining the validity of the tax sale, and as a result thereof, should be answerable in damages. This matter is now before the court on preliminary objections filed by the additional defendant on the basis of governmental immunity under the Political Subdivision Tort Claims Act of November 26, 1978, P.L. 1399, sec. 101, 53 P.S. §5311.101 et seq. This court agrees and does herein dismiss defendant's claim against the additional defendant.

It is clear that the Clearfield County Tax Claim Bureau is a political subdivision subject to the operation of the above statute. The Bureau was estab-

lished by the County of Clearfield under the provisions of the Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, sec. 101, as amended, 72 P.S. §5860.101 et seq., for the purpose of collecting real estate taxes on behalf of Clearfield County. Section 201 of the act provides that no political subdivision shall be liable for any damages on account of injury to a person or property caused by any act of omission of the political subdivision or an employe thereof or any other person unless certain exceptions exist, none of which are present in the instant case.

In view of the above, this court is satisfied that there is no basis for a claim against the additional defendant in this case, and therefore, enters the following.

## ORDER

Now, June 30, 1980, following argument into the above-captioned preliminary objections, it is the order of this court that said objections be and are hereby sustained and the complaint against the additional defendant is dismissed.